In the Matter of the Claim of DANIEL MOSKOWITZ, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board, overruling a determination made by the appellant. Claimant's course of study in a junior college required certain periods of actual employment in business or industry for which he received academic credit. While working, however, he was completely under the supervision of his employer, worked full time, and no work or schedule in the college was allowed to conflict with such full employment. The claimant was paid prevailing wages for the work. At the end of his college course, claimant being unemployed, filed a claim for unemployment insurance benefits, using his employment in industry undertaken at the direction of the college, as part of the base year. The inclusive definition of employment in the Unemployment Insurance Law (Labor Law, § 511) takes in its sweep " any " employment. A specific exception is made in subdivision 9 of the section excluding during any part of a " school year " the " part-time " employment of a student in regular daytime attendance at an institution of learning. The record is not open to any doubt that in the " base year " before he filed his claim, claimant was actually employed full time for a period of six months. Even though he was at other times during that year in daytime attendance in college, and even though this work was required by the college, it was " employment " as defined by the statute, without regard to the reasons for which it was taken. Being full-time employment, it did not come within the exception to the general statutory definition of " employment " in the case of a student employed part time. Determination of the appeal board affirmed, with costs against the appellant. Foster, P. J., Heffernan and Bergan, JJ., concur; Deyo, J., dissents, in the following memorandum in which Coon, J., concurs: Claimant was a college student who was required as a part of his curriculum to alternate his classroom work with periods of on the job training in positions secured for him by the college and bearing a direct relation to his course of study. These periods of training were but integrated parts of his college course, and despite the fact claimant was paid regular wages, his primary purpose in engaging therein was not to earn a livelihood, but to round out and complete his education. The services so rendered constituted part-time work by a student in regular attendance at an institution of learning within the intent and meaning of subdivision 9 of section 511 of the Labor Law, and hence claimant's earnings from those sources are excluded in determining unemployment insurance benefits. The decision of the board should be reversed on the law and the revised initial determination of the commissioner reinstated.